IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOANNA M. SNYDER, | Cause No. CV 20-134-M-DLC-KLD |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| FLATHEAD COUNTY ATTORNEYS, | |
| Respondents. | |

This case comes before the Court on Petitioner Joanna Snyder's application for writ of habeas corpus under 28 U.S.C. § 2241. *See* Pet. (Doc. 1) at 1.[1] She filed her petition in the District of Massachusetts, where she is incarcerated. On August 26, 2020, Chief Judge Saylor of that District transferred the petition to this Court. *See* Order (Doc. 8) at 1–2.

Snyder challenges the validity of a detainer based on a Montana state warrant for her arrest on a petition to revoke her conditional release. The detainer is lodged against her in Massachusetts, where it prevents her from being moved to a different location or lesser level of custody. *See* Pet. at 2. She asks the Court to dismiss the detainer. *See id.* at 7 ¶ 15; Pet. Supp. (Doc. 1-1 at 3–4).

---

[1] Snyder questions whether 28 U.S.C. § 2254 might apply. *See id.* It does not, because she does not challenge custody arising from a state court's judgment. *See* 28 U.S.C. § 2254(a).

1

To support dismissal, Snyder relies on Montana's participation in the Interstate Agreement on Detainers ("IAD").  *See* Mont. Code Ann. § 46-31-101; *see also* Mass. Gen. Laws ch. 276 App. § 1-1.  The IAD allows a defendant detained in one jurisdiction to demand trial of charges that are pending in a second jurisdiction.  *See, e.g. Fex v. Michigan*, 507 U.S. 43, 44–47 (1993).  Once a demand is properly made, the second jurisdiction cannot return the defendant to the custody of the first until all proceedings on the second jurisdiction's charges are concluded.  If the second jurisdiction violates this rule, its charges must be dismissed.  *See, e.g.*, Mont. Code Ann. § 46-31-101 Art. III(4), Art. IV(5);[2] *Alabama v. Bozeman*, 533 U.S. 146, 148–49 (2001).

Snyder claims Montana's detainer should be dismissed because it violates the IAD.  She is mistaken.  The IAD applies to "untried indictments, informations, or complaints," that is, new charges accusing a person of committing a crime.  *See* Mont. Code Ann. § 46-31-101 Art. I, Art. III(1).  Snyder discusses only allegations that she violated the conditions of a three-year suspended sentence imposed in February 2019.  *See* Pet. (Doc. 1) at 6; Pet. Supp. (Doc. 1-1 at 1–4); *see also, e.g.*, State Resp. to Mot. for Quick and Speedy Trial (Doc. 1-1 at 16–17).  The IAD does not entitle a defendant to demand disposition of a petition to revoke

---

[2] These provisions are commonly called the "anti-shuttling" rule.

2

conditional release. *See Carchman v. Nash*, 473 U.S. 716, 734 (1985).[3]

In fact, Snyder seeks relief that is not available to anyone under the IAD. She asserts that Montana must dismiss its detainer because it took her into custody on a probation officer's hold and then extradited her to Massachusetts without first deciding whether she violated the conditions of her suspended sentence. In effect, she claims Montana was required to file and obtain full adjudication of a petition to revoke her suspended sentence before it extradited her to Massachusetts. This claim is not supported by any law of which the Court is aware. Even the IAD does not require a participating jurisdiction to file an indictment, information, or complaint.

Snyder was detained in Montana on a "probation hold," that is, a probation officer's warrant, on November 4, 2019. *See* Mont. Code Ann. § 46-23-1012(2); Pet'r Supp. (Doc. 1-1 at 1 para. 5); Authorization to Pick Up and Hold Probationer (Doc. 1-1 at 5); Pet'r Mot. for [Q]uick and [S]peedy [Trial or Hearing] (Doc. 1-1 at 11 ¶ 13); Pet'r Mot. to Dismiss (Doc. 1-1 at 24 para. 5).[4] State law authorizes Montana probation officers to issue such holds, regardless of whether a petition to

---

[3] Interpretation of the IAD poses a question of federal law. The interpretation of the United States Supreme Court is binding on all participating States. *See Cuyler v. Adams*, 449 U.S. 433, 438–42 (1981).

[4] Snyder also refers to her "extradition" from Lake County to Flathead County. *See, e.g.*, The Court is not aware of any law requiring some special judicial proceeding before she could be apprehended in one county and taken to another.

revoke is ever filed.  Neither federal nor state law required a hearing before a judge following Snyder's probation hold.  *See, e.g.*, Mont. Code Ann. § 46-23-1015.

Snyder's exhibits also indicate that, after her transfer to Massachusetts, the State filed and a court reviewed a petition to revoke her conditional release.  On December 4, 2019, the court issued a warrant for her arrest.  *See* Mont. Code Ann. § 46-23-1012(1); State Resp. to Pet'r Mot. (Doc. 1-1 at 16–17).  That warrant will likely be executed only when the Commonwealth of Massachusetts is ready to release Snyder.

If, at that time, Snyder believes she is entitled to some form of relief under federal law, she may say so in the Montana state courts and, after exhausting her state remedies, she may file a petition in this Court.  But at this time, neither federal law nor Montana law authorize Snyder to demand adjudication of a revocation petition while she is in Massachusetts.

A certificate of appealability should be denied because Snyder does not make a showing of any substance that any of her constitutional rights has been violated.  *See* 28 U.S.C. § 2243(c)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (Doc. 1) should be DENIED.

4

2. The clerk should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Snyder may object to this Findings and Recommendation within 14 days.[5] 28 U.S.C. § 636(b)(1).  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Snyder must immediately notify the Court of any change in her mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of the case without notice to her.

DATED this 1st day of October, 2020.

_Kathleen L. DeSoto_
Kathleen L. DeSoto
United States Magistrate Judge

---

[5] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.