IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOANNA M. SNYDER,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>FLATHEAD COUNTY<br>ATTORNEYS,<br><br>　　　　　Respondent. | CV 20–134–M–DLC–KLD<br><br><br><br>ORDER |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings and Recommendation. (Doc. 12.) Judge DeSoto recommends that Ms. Snyder's Petition for Writ of Habeas Corpus (Doc. 1) brought under 25 U.S.C. § 2241 be denied and that judgment be entered in Respondent's favor. (Doc. 12 at 4–5.) Judge DeSoto also recommends that this Court deny a certificate of appealability. (*Id.*) Ms. Snyder has not filed any objections.

A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, this Court reviews findings for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists when the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v.*

*Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Reviewing for clear error, the Court finds none.

On July 6, 2020, Ms. Snyder filed her Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Massachusetts seeking dismissal with prejudice of any "detainers, informations, or indictments" pending before the Eleventh Judicial District Court of Montana. (*See generally* Doc. 1.) Specifically, Ms. Snyder argues that Flathead County's extradition of her to Massachusetts prior to the final disposition of a "probation hold" in Montana state court violates the anti-shuttling provision of the Interstate Agreement on Detainers and applicable law. (*Id.* at 6–7.) On August 26, 2020, this proceeding was transferred to the United States District Court for the District of Montana. (Doc. 8.)

The Court finds no clear error in Judge DeSoto's conclusion that the conduct of which Ms. Snyder complains is not cognizable through a habeas petition brought under 25 U.S.C. § 2241. The crux of Ms. Snyder's Petition is that Montana violated its Interstate Agreement on Detainers by extraditing her to Massachusetts prior to the resolution of pending probation violation proceedings.[1]

---

[1] The Court uses the word "pending" generously because, as Judge DeSoto correctly points out, at the time of her extradition, Ms. Snyder was only subjected to a probation hold, which is not guaranteed to lead to formal probation revocation proceedings under Montana law. *See* Mont. Code Ann. § 46-23-1015.

2

But the United States Supreme Court concluded long ago that such proceedings do not fall within the scope of an Interstate Agreement on Detainers, which applies to an "untried indictment, information or complaint." *Carchman v. Nash*, 473 U.S. 716, 725, 734 (1985) (holding that "[a] probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution" does not constitute an untried indictment, information or complaint within the meaning of an Interstate Agreement on Detainers).

As a final matter, because Ms. Snyder has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(1)(A), (2).

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 12) is ADOPTED in full.

IT IS FURTHER ORDERED that Ms. Snyder's Petition (Doc. 1) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk of Court is directed to enter, by separate document, judgment in favor of Respondents and against Petitioner and to close the case file.

DATED this 21st day of October, 2020.

_____
Dana L. Christensen, District Judge
United States District Court

4